10-1485-cr
Murray v. Hulihan

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of August, two thousand eleven.

PRESENT:

RALPH K. WINTER,
JOSEPH M. MCLAUGHLIN,
JOSÉ A. CABRANES,
   *Circuit Judges.*

-----------------------------------------------------------------------------------------------------------------x

JOEL MURRAY,

  *Plaintiff-Appellant,*

  v.                No. 10-1485-cr

WILLIAM F. HULIHAN, Superintendent, Mid-State Correctional Facility;
M. DEBRACCIO, Correction Counselor, Mid-State Correctional Facility;
R. FERRARO, Correction Counselor, Mid-State Correctional Facility;
W. KOAGLE, Correction Counselor, Mid-State Correctional Facility;
S. MOORE, Correction Counselor, Mid-State Correctional Facility;
B. SIMONS, Senior Correction Counselor, Mid-State Correctional Facility;
C. CHEYNE, Social Worker; M. STRUMLOFLER, Mid-State Correctional Facility,
  *Defendants-Appellees.*
-----------------------------------------------------------------------------------------------------------------x

**FOR PLAINTIFF-APPELLANT:**        JOEL MURRAY, *pro se*, Elmira, NY.

**FOR DEFENDANTS-APPELLEES:**      OWEN DEMUTH, Assistant Solicitor General (Denise A. Hartman, Assistant Solicitor General; Barbara D. Underwood, Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General for the State of New York, Albany, NY.

Appeal from a March 31, 2010, judgment of the United States District Court for the Northern District of New York (Norman A. Mordue, *Chief Judge*; Andrew T. Baxter, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Joel Murray ("plaintiff"), *pro se*, appeals the judgment of the District Court adopting the Magistrate Judge's report and recommendation ("R&R") granting judgment on the pleadings to defendants, various state actors whom plaintiff encountered while incarcerated in the New York State Department of Correctional Services at Mid-State Correctional Facility, and dismissing plaintiff's 42 U.S.C. § 1983 action for failure to state a claim upon which relief may be granted. We assume the parties' familiarity with the underlying facts, proceedings below, and specification of issues on appeal.

We review *de novo* a district court's grant of judgment on the pleadings, drawing all factual inferences in favor of the non-moving party. *See, e.g.*, *Desiano v. Warner-Lambert & Co.*, 467 F.3d 85, 89 (2d Cir. 2006). Dismissal on the pleadings is appropriate when the complaint, including accompanying exhibits and documents incorporated by reference, fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (a claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

In his 42 U.S.C. § 1983 action, plaintiff asserted, *inter alia*, that defendants violated his First Amendment rights by taking various actions to prevent him from completing the Alcohol and Substance Abuse Treatment ("ASAT") program as retaliation against him for filing a series of inmate grievances. To state a First Amendment retaliation claim, a plaintiff must plead facts from which a court can reasonably infer that (1) plaintiff engaged in constitutionally protected conduct, (2) defendants took an adverse action against plaintiff that was substantially motivated by that conduct, and (3) the protected conduct and adverse action were causally connected. *Bennett v. Goord*,

343 F.2d 133, 137 (2d Cir. 2003). Defendants cannot be liable for First Amendment retaliation if they would have taken the adverse action even in the absence of the protected conduct. *Id.*

Following *de novo* review of the record, we affirm the judgment of the District Court for substantially the reasons stated by the Magistrate Judge in his thorough and well-reasoned R&R, which the District Court adopted *in toto* after conducting a *de novo* review, *see* Order, *Murray v. Hulihan*, Docket No. 08-CV-912 (N.D.N.Y. Mar. 31, 2010). As the Magistrate Judge noted, although filing grievances is constitutionally protected conduct, plaintiff failed to claim facts indicating that his filing of grievances either substantially motivated or actually caused defendants' allegedly adverse actions. In contrast, plaintiff concedes that the ASAT program dictated those actions as legitimate remedial responses to plaintiff's violations of the program's rules, which indicates that defendants would have taken similar measures regardless of whether plaintiff had filed grievances. Accordingly, plaintiff failed to state a valid First Amendment retaliation claim.

## CONCLUSION

We have considered plaintiff's other arguments on appeal and have found them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3